Letson *v.* Dunham and Nevius.

JOHN S. LETSON, appellee vs. DUNHAM and NEVIUS, appellants.

Wherever the point is not concluded by adjudged cases, and a doubt exists as to the admissibility of a witness on the ground of interest, it is perhaps the safest to let the objection go to the credit, rather than the competency of the witness, with such advice and instructions to the jury, as the nature of the case may require.

In an action, brought by the endorsee against the maker, on a promissory note, the payee and endorser is not a competent witness, if it appear that he was the real debtor and had borrowed the note of the defendants for the purpose of raising money on it. The moment he endorses the note, he stands in the situation of the drawer of a bill without any funds in the hands of the drawees, and is liable in the last resort. In such case, notice of non payment is unnecessary.

This was a certiorari directed to the Common Pleas of the county of Middlesex. The following state of the case was agreed upon by the counsel of the parties.

" This appeal being called on in its order, the counsel for the plaintiff and appellee read the papers and offered in evidence, a

promissory note, drawn by James Dunham and Henry V. Nevius, for the sum of sixty dollars, payable ninety days after date, to William Dansbury or order, and dated the 11th of April, 1832, and by William Dansbury, assigned over to the plaintiff and appellee, John S. Letson; the note was not protested, or notice of non payment given to Dansbury: the signatures of James Dunham and H. V. Nevius to the note, and the endorsement by William Dansbury to John S. Letson, were admitted by defendants, upon which the plaintiff rested his case. When the counsel opened the case upon the part of the defendants, who admitted the note was given by them for the benefit and accommodation of William Dansbury, the payee and endorsee of the note; they then offered as a witness, the said William Dansbury, to prove that when the said note was assigned by him, the said Dansbury, some time after the making thereof, to the said John S. Letson, he received on the said note, thirty-nine dollars and no more; that he subsequently paid to John S. Letson, thirty-seven dollars in hides or shoes; plaintiff's counsel excepted to the evidence of Dansbury, be being interested in the event of the suit, and therefore an unlawful witness, which objection was overruled by the court, and said Dansbury sworn as a witness; and the court rendered a judgment in favor of Dunham and Nevius. It is hereby agreed by the counsel for the above stated parties, that if the Supreme Court shall be of opinion that William Dansbury is not a lawful witness, the judgment of the Court of Common Pleas shall be reversed and for nothing holden: if, on the contrary, they should think him a lawful witness, the said judgment of the Court of Common Pleas to be affirmed in this court."

*L. D. Hardenburgh*, for appellee.

*W. H. Lupp*, for appellants.

The opinion of the court was delivered by the chief justice.

HORNBLOWER, C. J.   This case was submitted to the court upon a case stated: and the written arguments of counsel.

Letson sued Dunham and Nevius, before a justice of the peace, upon a promissory note for sixty dollars, made by them payable to William Dansbury or order, and by him endorsed to the plaintiff.   On the trial, the making of the note by the de-

fendants, and the endorsement of it by Dansbury, were admitted. The note was made for the accommodation of Dansbury, and when it became due, no demand of payment was made of defendants, nor any notice of non payment given to Dansbury, the endorser. The defendants then offered Dansbury as a witness to prove that when he endorsed the note to the plaintiff, he received from him, only thirty-nine dollars, and that he had repaid to him the sum of thirty-seven dollars. The admission of the witness was objected to by the plaintiff; but the justice, and subsequently the Court of Common Pleas, on the trial of the appeal, overruled the objection, and admitted the witness. Judgment was given for the defendants. It is agreed between the parties, that if this court shall be of opinion the witness was competent, then the judgment shall be affirmed. If otherwise, the judgment shall be reversed.

It is admitted by the plaintiff, that if the interest of the witness is balanced, or substantially the same on the one side as the other, he is admissible. But it is insisted by the counsel for the plaintiff, that the interest of the witness is not in equilibrium, but preponderates in favor of the defendants. That the note having been made for the accomodation of the endorser, he would be responsible to the defendants, if the plaintiff recovered against them, not only for the full amount of the note with interest, but for the costs to which they would be subjected; whereas, if the plaintiff failed, the endorser would remain liable to him for the amount of the note only.

If the only difference was the contingency of costs, I should hesitate before I excluded the witness on that ground. The case of *Jones* v. *Brooke,* 4 *Taunt. Rep.* 464; and that of *Hubbly* v. *Brown,* 16 *Johns. Rep.* 70, cited by the plaintiff's counsel, certainly recognize that distinction. But the cases of *Ilderton* v. *Atkinson,* 7 *Term. Rep.* 481, and *Birt* v. *Kershaw,* 2 *East.* 458, referred to by the defendant's counsel; to which may be added that of *Shuttlesworth* v. *Stephens,* 4 *Campb. N. P.* 407, are authorities the other way; though it is true, in this last case, the difference of responsibility was not noticed. Although the language of the rule is, that the interest of the witness must be balanced, yet it is not supposed to be weighed in gold scales. Mr. Justice Pennington, in *Rosevell* v. *Gardner,* 2

Letson *v*. Dunham and Nevius.

*Penn. Rep.* 795, speaking on this subject, says, the courts have not "been very exact in balancing the interest."

I feel strongly inclined to adopt the principles expressed by Lord Hardwicke, in *Rex* v. *Bray*, *Rep. temp. Hard.* 360, and approved of by Lord Kenyon, in *Brent* v. *Baker*, 3 *T. R.* 22; that wherever the point is not concluded by adjudged cases, and a doubt exists as to the admissibility of a witness on the ground of interest, to let the objection go to the credit, rather than to the competency of the witness, with such advice and instructions to the jury, as the nature of the case may require.

But there is no room for such doubt in this case. The witness was offered to prove that he had received only thirty-nine dollars of the plaintiff; that he had repaid him thirty-seven dollars, and of course, that only a small balance of two dollars remained due to the plaintiff on the note. Now, as it is admitted that the defendants never received any consideration from Dansbury for the note, they were only liable to pay the endorsee the actual sum or balance that might be due him on the note; of course, Danbury's interest was direct and immediate to reduce the balance as much as he could, for he would be answerable to the defendants only for so much as the plaintiff recovered against them. Again, if what he was offered to prove, was true, and for the purposes of this argument, it must be taken to be true, then it was his interest to defeat the plaintiff's suit entirely. For if the plaintiff recovered the amount of the note, which was sixty dollars, he must refund the whole of it with the costs: but if the plaintiff failed in that suit, he, the witness, was only bound to pay the endorsee the thirty-nine dollars received on the note, or the balance of that sum that remained due to him. The cases of *Butler* v. *Warren*, 11 *Johns. Rep.* 57, and *Harwood* v. *Murphy*, 4 *Halst.* 215, shew that where there is a decided preponderance of interest, the witness must be rejected. Thus far I have considered the case upon the ground, as I apprehend the law to be, that Dansbury remained liable to Letson, upon his endorsement, or for money had and received, notwithstanding there had been no demand of payment or notice of non payment. Dansbury was the real debtor; he had borrowed the note of the defendants for the purpose of raising money on it, and the moment he endorsed it to Letson,

he stood in the situation of the drawer of a bill without any funds in the hands of the drawees, and was therefore liable in the last resort; and it is settled beyond all dispute, that notice of non payment is unnecessary in such a case. The reason for notice entirely fails; Dansbury being the actual debtor, and the defendants standing in the light of acceptors for his accommodation, were mere securities for him; notice therefore to Dansbury, of non payment by his sureties, could do him no good; nor could the omission to give him notice, do him any hurt; notice could not change his situation. If the defendants, his sureties, paid the note, he must pay them. If they did not, he must pay the plaintiff. If the defendants had paid the note at maturity, they could immediately have sued Dansbury. But if he had paid it, he had no right of action against them, although they were the makers of the note; for it was his own debt, and he had only borrowed the note.

If, however, the witness, Dansbury, was discharged from his liability to Letson, for want of notice, it would render the case still plainer. His interest then would lie, entirely and exclusively on the side of the defendants. If Letson recovered of them, the witness must refund to the defendants; but if by his testimony, he could defeat such recovery, he would be entirely exonerated. So then, either way, Dansbury was interested and inadmissible, and ought to have been rejected, unless the defendants had released him.

The judgment must be reversed.